IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOWD POINT MORTGAGE TRUST 2019-3, U.S. BANK NATIONAL ASSOCIATION *as Indenture Trustee,* | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )    Case No. 21-cv-2497-TC-TJJ ) |
| DENISE L. MEAD, et al., | ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This civil action began when Denise L. Mead filed a Notice of Removal seeking to remove a Petition to Foreclose Mortgage pending in the District Court of Douglas County, Kansas (ECF No. 1). The foreclosure action was filed in state court on September 6, 2019 by Towd Point Mortgage Trust 2019-3, U.S. Bank National Association as Indenture Trustee ("Towd Point"), against Denise L. Mead and others. Towd Point has moved to remand this action (ECF No. 3). Mead has filed motions for temporary restraining order and permanent injunction (ECF Nos. 4, 8), a motion to dismiss and for summary judgment (ECF No. 9), and a motion to strike the motion to remand (ECF No. 12). Those motions are pending a ruling by the presiding District Judge.

This matter is currently before the undersigned Magistrate Judge on another motion filed by Denise L. Mead entitled "Motion for $50,000.00 Dallors (sic) in Sanction Pursuant to Rule 11 Against Zevitz, and William Meyer in Their Personal Capacity for Litigating a Baseless Claim From a Terminated Case" (ECF No. 20). The motion alleges counsel for Towd Point violated Federal Rule of Civil Procedure 11 by filing the state court foreclosure action without conducting

an adequate pre-filing investigation. Towd Point and its counsel oppose the motion on the grounds that (1) the motion does not comply with the twenty-one day service requirement of Rule 11(c)(2), and (2) the conduct alleged in the motion occurred pre-removal and Rule 11 does not apply to pre-removal conduct. Upon full consideration of the matter, the Court finds the motion is without merit and should be denied.

## II. Legal Standards

Federal Rule of Civil Procedure 11(b) states that by filing a pleading, an attorney certifies the information contained in the document:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) contains claims, defenses, and other legal contentions that are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) contains factual contentions that have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) contains denials of factual contentions that are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Violation of these requirements will result in the court imposing sanctions.[1] The standard for Rule 11 sanctions is an objective one.[2] Likewise, subjective bad faith is not required to trigger Rule 11 sanctions.[3] The primary purpose of sanctions is deterrence of misconduct, not compensation for the costs associated with defending a frivolous lawsuit.[4]

**III.    Analysis**

As the response correctly notes, Rule 11 does not authorize this Court to impose sanctions for a pleading filed in state court before the action was removed to federal court.[5] Yet that is what the motion seeks, as it alleges counsel did not adequately perform an investigation before filing the petition for foreclosure in the District Court of Douglas County. For that reason, the Court denies the motion.

Moreover, Federal Rule of Civil Procedure 11(c)(2) requires that any motion for sanctions be served on the opposing party twenty-one days prior to filing the motion with the court.[6] And the local rules for this district further enforce the mandatory notice, as they require that a party raise the issue of sanctions "by a timely-filed motion."[7] In this case, Plaintiff did not

---

[1] Fed. R. Civ. P. 11(c); *see Griffen v. City of Okla. City*, 3 F.3d 336, 342 (10th Cir. 1993) ("Rule 11 requires the district court to impose sanctions if a document is signed in violation of the Rule.").

[2] *See White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.").

[3] *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986).

[4] *White*, 908 F.2d at 684.

[5] *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

[6] *Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 933 (D. Kan. 2014).

[7] D. Kan. Rule 11.1(a)(2).

3

follow the required procedure. Instead, she simply filed this motion for sanctions without giving Towd Point or its counsel the notice required by Rule 11.

**IT IS THEREFORE ORDERED** that the Motion for Sanctions filed by Denise L. Mead (ECF No. 20) is DENIED.

Dated this 24th day of January, 2022 at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

4