**In the United States District Court
for the District of Kansas**

———————

Case No. 21-cv-02497-TC-TJJ

———————

TOWD POINT MORTGAGE TRUST 2019-3,
U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE,

*Plaintiff*

v.

DENISE L. MEAD, ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

More than two years after this foreclosure case was filed in state court, and more than two years after Defendant Denise Mead was served a copy of the petition, Mead removed this suit to federal court. Doc. 1. Plaintiff Towd Point Mortgage Trust 2019-3 moved to remand, Doc. 3, and the parties have since filed a series of pleadings and motions unrelated to jurisdiction, Docs. 4, 8, 9, and 13. For the following reasons, Towd Point's motion to remand is granted, and Mead's motion to strike is denied. Because the Court lacks jurisdiction, it does not decide Mead's other pending motions.

**II**

**A**

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* U.S. Const. art. III, § 2; *Sheldon v. Sill*, 49 U.S. 441, 449 (1850). What that means for federal district courts is that they may not exercise judicial power absent a statutory basis to do so. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (internal quotation marks omitted). Consequently, federal courts have an independent obligation to ensure that subject-matter

jurisdiction exists in each of their cases, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 438 (2011), and must promptly dismiss or remand any "proceeding[] in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *accord* Fed. R. Civ. P. 12(h)(3). The party invoking the federal court's jurisdiction—here, by way of removal—bears the burden of establishing by a preponderance of the evidence that jurisdiction is proper. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013); *but see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (declining to endorse the presumption against jurisdiction "in mine-run diversity cases").

Congress has given lower federal courts original jurisdiction to hear two general types of cases. *Home Depot*, 139 S. Ct. at 1746; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). One type is those cases that "arise under" federal law. *See* 28 U.S.C. § 1331. Another is those disputes whose amount in controversy exceeds $75,000 and whose parties hold diverse citizenship. 28 U.S.C. § 1332(a).

Even for suits initially filed in state court, Congress has permitted removal to federal court in certain limited situations. *See generally Lincoln Prop. Co. v. Roche*, 546 U.S. 71, 83 (2005). Specifically, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But the time in which to remove is limited: a defendant must remove within 30 days of receiving any document indicating that the case is, or has become, removable. *See* 28 U.S.C. § 1446(b); *see also id.* at § 1446(c) (1) (requiring any diversity case to be removed within "one year after commencement").

**B**

The parties' dispute springs from a Kansas real-estate foreclosure case filed in the Douglas County, Kansas, district court. *See* Doc. 1. Towd Point filed this suit in September 2019 and successfully served Mead that same month. Doc. 1-2 at 11–12. Mead promptly filed a counterclaim against Towd Point and proceeded to vigorously defend herself in state court for the next two years. Doc. 1-2 at 11–15. Ultimately, the state court granted summary judgment in favor of Towd Point, entering an Amended Journal Entry of Judgment in February

2021. Doc. 1-2 at 14–15. In October 2021, Mead, proceeding pro se,[1] filed a notice of removal to federal court. *See* Doc. 1.[2]

It is difficult to decipher Mead's notice of removal. It appears that she alleges that removal to federal court is in "the interest of justice," due to various violations of her rights, the invalidity of Kansas's foreclosure statute, confusion over her citizenship, and conflicts of interest inherent in the state-court system. *See* Doc. 1 at 1–2. Towd Point promptly moved to remand, arguing that the suit must be returned to state court for several reasons. Doc. 3.

## II

There are several reasons why Mead's case properly belongs in state court and cannot proceed in federal court. The most fundamental of those reasons is that her removal papers identify no statutory basis for original federal jurisdiction and that they were filed years after the deadline to remove.

## A

**1.** Remand is required because the attached state-court petition fails to reveal any basis by which a federal court might have original jurisdiction. Diversity jurisdiction cannot be a basis for removal jurisdiction because the pleadings fail to establish Towd Point's citizenship, precluding an assessment of whether the parties are completely diverse. In addition, Mead's notice of removal alleges that she is a citizen

---

[1] Mead is proceeding pro se, which requires a generous construction of her pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). But while that generosity means that a court should overlook the failure to properly cite legal authority, confusion of various legal theories, poor syntax and sentence construction, or apparent unfamiliarity with pleading requirements, it does not permit a court to construct legal theories or assume facts not pled. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor does it permit Mead to operate outside the ordinary rules of civil procedure. *Garrett*, 425 F.3d at 840.

[2] As part of her removal papers, Mead purported to name additional parties, including the state-court judge and several attorneys for the opposing party. *See* Doc. 1. She has failed to offer any authority for such a procedure and neither party has explored the additional jurisdictional problems that would create if permitted. As a result, this Memorandum and Order construes the pleadings to involve only Towd Point as a plaintiff/counterclaim defendant.

3

of Kansas. Doc. 1 at 2. That implicates the forum-defendant rule, which prevents removal on the basis of diversity jurisdiction when one or more of the state-court defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. June 4, 2013) (applying the forum-defendant rule).

Federal-question jurisdiction is also lacking. The state-court petition presents no federal question. *See* Doc. 1-1. Instead, Mead attempts to raise a federal question in her notice of removal by claiming that Kansas foreclosure statutes are unconstitutional and that her "civil and constitutional rights" have been violated by Plaintiff's counsel and the state-court judge. *See* Doc. 1 at 1–2. That will not do. Federal-question jurisdiction must arise from a plaintiff's "well-pleaded complaint" or petition. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There were no federal questions present in Towd Point's state-court petition. Doc. 1-1. And Mead's potential constitutional defenses or counterclaims are irrelevant to the jurisdictional inquiry. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012). Mead has therefore failed to establish federal-question jurisdiction as a basis on which removal may lie. *See Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 473 U.S. 1, 12 (1983)).

**2.** Towd Point also correctly asserts that Mead's notice of removal is untimely. Doc. 3 at 2-3. Under 28 U.S.C. § 1446(b), Mead had 30 days to remove once she received a "paper from which it [could] first be ascertained" that the case was removable—in this case, the original petition. *See also Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1077–78 (10th Cir. 1999). There is nothing in the pleadings to excuse Mead's delay. As a result,[3] remand is required. *See id.* ("The failure to comply with [Section 1446(b)'s] express statutory requirements for removal

---

[3] Towd Point also argues that Mead's case seeks federal review of a state-court judgment in contravention of the *Rooker-Feldman* doctrine. Doc. 3 at 3 (referring to *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Given the evolving nature of that doctrine, the lack of clarity on whether the state-court judgment had become final or whether it caused Mead's alleged injuries, and the obvious jurisdictional failures already mentioned, this Memorandum and Order will not pass on whether *Rooker-Feldman* might apply. *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 270 (2005) (narrowing the doctrine's application).

4

can fairly be said to render the removal 'defective' and justify a remand.") (internal quotation marks omitted); *see also Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) ("To remove under [Section 1441(a)], a party must meet the requirements for removal detailed in other provisions.").

**B**

Mead did not file a traditional response to Towd Point's motion to remand, despite an Order expressly highlighting her deadline to do so. *See* Doc. 10. She did, however, file a "Demand to Strike the Attorney's Motion to Remand." Doc. 12. There are at least two ways to view that pleading, neither of which is helpful to her cause. Construing that document liberally, it may be taken as a response to the motion to remand. Even so, it advances no arguments capable of altering the foregoing analysis. *See* Doc. 12 (discussing perceived deficiencies in the state-court proceedings and re-asserting Mead's Kansas citizenship).

And, if Mead intended the document as a traditional motion to strike, that request is denied. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (observing that "motions, briefs, and memoranda" generally "may not be attacked by a motion to strike"); *Suman v. Geneva Roth Ventures, Inc.*, No. 08-2585, 2009 WL 10707504, at *1–2 (D. Kan. Feb. 9, 2009) ("Rule 12(f) motions are a generally disfavored, drastic remedy."). Moreover, even if Towd Point's motion were stricken, it would not relieve the Court of its independent duty to ensure jurisdiction. *Henderson*, 562 U.S. at 438. In other words, remand would be required even without Towd Point's motion.

**III**

For the foregoing reasons, Mead's motion to strike, Doc. 12, is DENIED; Towd Point's motion to remand, Doc. 3, is GRANTED; and the Court does not decide the remaining motions. The Clerk of Court is directed to remand the case to the District Court of Douglas County, Kansas.

It is so ordered.

Date: January 28, 2022            s/ Toby Crouse
                                  Toby Crouse
                                  United States District Judge

5